

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SHANNON NICOLE LEWIS,<br>　　　　Plaintiff,<br><br>vs.<br><br>ALEX KLAUS, *owner of Meco Two, LLC*,<br>　　　　Defendant. | §<br>§<br>§<br>§　　CIVIL ACTION NO. 3:19-1744-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION TO DISMISS,
ALLOWING PLAINTIFF TO AMEND HER COMPLAINT,
AND REMANDING THE MATTER TO THE MAGISTRATE JUDGE
FOR FURTHER PROCEEDINGS**

Plaintiff Shannon Nicole Lewis (Lewis) filed this action against her former employer, Defendant Alex Klaus (Klaus), the owner of Meco Two, LLC. In Lewis's amended complaint, she asserts the following claims: (1) wrongful discharge under the Americans with Disabilities Act (ADA); (2) failure to accommodate under the ADA; (3) retaliation under the ADA; and (4) defamation. The Court has federal question jurisdiction over the ADA claims, 28 U.S.C. § 1331, and supplemental jurisdiction over the defamation claim, 28 U.S.C. § 1367.

The matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation (Report) suggesting Klaus's motion to dismiss be granted and Lewis's complaint be dismissed without prejudice with leave to file an amended complaint within fourteen days of the date of this Order. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 10, 2020, and Klaus filed his objections on March 22, 2019. The Court has reviewed Klaus's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

In Klaus's motion to dismiss, he argues Lewis's complaint should be dismissed because (1) an individual such as himself cannot be held liable under the ADA; (2) Lewis has not properly served him with the summons and complaint; and (3) Lewis has failed to state sufficient allegations pursuant to Fed. R. Civ. P. 8. The Magistrate Judge suggests the Court grant Klaus's motion on the first basis, but allow Lewis to file an amended complaint. Klaus is the owner of Meco Two, LLC, which is the proper defendant as to Lewis's ADA claims.

More specifically, Magistrate Judge states she "agrees with Klaus that, on its face, [Lewis's] amended complaint names him individually as a defendant. However, in light of Lewis's representation that this was not her intent and in the absence of any showing of prejudice to defendant, [the Magistrate Judge] recommends [Lewis] be permitted [fourteen] days to file an amended complaint naming the proper defendant(s)." Report at 4.

Regarding Klaus's argument Lewis failed to properly serve him, the Magistrate Judge advises the argument is moot inasmuch as Lewis did not intend to sue him. *Id*. at 5. And,

concerning Klaus's contention regarding the sufficiency of Lewis's allegations, the Magistrate Judge concludes she "is not persuaded that Plaintiff has failed to state any claim upon which relief can be granted[.]" *Id*. at 4.

Over the course of ten pages, Klaus careens from one unpersuasive contention to the next, mostly as to why the Court should not allow Lewis an opportunity to amend her complaint. For the most part, he fails to offer any citations in support of his arguments.

Suffice it to say the Court agrees with the Magistrate Judges conclusion it was not Lewis's intent to sue Klaus individually. This is key inasmuch as, "[p]leadings must [always] be construed so as to do justice." Fed. R. Civ. P. 8(f). Further, Courts are to afford pro se litigants wide latitude in their pleadings. *See Williamson v. Stirling*, 912 F.3d 154, 169 (4th Cir. 2018) ("[W]e are obliged to liberally construe the allegations of his pro se verified Complaint.").

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Klaus's objections, adopts the Report, and incorporates it herein. Accordingly, it is the judgment of this Court Klaus's motion to dismiss is **GRANTED** and Lewis's complaint is **DISMISSED WITHOUT PREJUDICE**.

Because the Court agrees with the Magistrate Judge's recommendation that Lewis be permitted to file an amended complaint, which Lewis has already filed, the Court **REMANDS** this matter to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED**.

Signed this 18th day of June, 2020, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.